**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-1648

United States of America,        *
                                 *
        Appellee,                *
                                 *                              Appeal
                                 *
from the United States
        v.                       *
District Court for the
                                 *
Eastern District of Arkansas.
Troy A. Moore,                   *
                                 *
        Appellant.               *
[UNPUBLISHED]


_____


                         Submitted: October 7, 1997
                                 Filed: October 15,
1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
                         _____

PER CURIAM.

After Troy A. Moore pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), the district court[1] sentenced him to 121 months imprisonment and five years supervised release. Moore appeals, arguing that the district court erred in finding he was

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

willing to sell cocaine base, as opposed to cocaine powder, to a confidential informant for the Little Rock Police Department (LRPD); he also complains that the LRPD set up two controlled buys from him after he initially fronted

drugs to the confidential informant.  We affirm.

We conclude that the district court did not err.  <u>See</u> <u>United States v. Stavig</u>, 80 F.3d 1241, 1245 (8th Cir. 1996) (standard of review).  The evidence presented at sentencing and credited by the district court shows that Moore provided the confidential informant with cocaine base even though the informant did not specify on that occasion that he wanted cocaine base rather than cocaine powder.  <u>Cf.</u> <u>United States v. Lenfesty</u>, 923 F.2d 1293, 1300 (8th Cir.) (finding no sentencing entrapment where subject of investigation elicited predisposition to provide any quantity demanded).  Furthermore, the LRPD officer who set up the controlled buys testified that the LRPD had engaged in a second buy in order to identify Moore's source.  <u>See</u> <u>United States v. Shephard</u>, 4 F.3d 647, 649 (8th Cir. 1993) (police may "continue to deal with someone with whom they have already engaged in illicit transactions in order to . . . 'trace the drug deeper into the distribution hierarchy'").

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-